IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HIGHWAY SUPPLY COMPANY,

      Plaintiff,

      vs.                                  No. CIV 99-0138 JC/RLP

COUNTY OF BERNALILLO,
NEW MEXICO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Plaintiff's Motion for Temporary Restraining Order, filed February 11, 1999 (Doc. No. 2). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court also heard oral argument on February 17, 1999. The Court finds that Plaintiff's Motion is well taken and will be **granted**.

**Background**

Plaintiff is a supplier of barricades and road signs for highway construction projects. Plaintiff is vying to supply materials for the Paseo Del Norte Phase I construction project. Defendant Bernalillo County is set to bid the Phase I construction contract on February 19, 1999 at 2:00 p.m. According to the bid solicitation, the County has set a 16% Disadvantaged Business Enterprise ("DBE") goal.

Plaintiff claims the County's DBE goal violates equal protection because the County has not gone through the necessary steps to set a DBE goal. According to Plaintiff, the County has to

conduct a disparate impact study before it can legitimately set such a goal. Plaintiff argues that without a disparate impact study, the strict scrutiny test is not satisfied.

**Analysis**

The Tenth Circuit has identified four elements to guide me through a Rule 65(b) Temporary Restraining Order application. The four elements are:

(1) a substantial likelihood that the movant will eventually prevail on the merits;

(2) a showing that the movant will suffer irreparable injury unless the injunction issues;

(3) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and;

(4) a showing that he injunction, if issued, would not be adverse to the public interest.

Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980). I find that all four elements have been satisfied in this case. There is a substantial likelihood Plaintiff will prevail. *See RMCI v. City of Albuquerque*, No. CIV 95-1475 LH/WWD; *RMCI v. City of Rio Rancho*, No. CIV 97-0978 JC/DJS. *Cf. Cache Valley Elec. Co. v. Utah Dept. of Trans.*, 149 F.3d 1119 (10th Cir. 1998). Additionally, Plaintiff will suffer irreparable injury if this TRO does not issue, the threatened injury to Plaintiff outweighs the County's potential damage, and the TRO will not be adverse to the public interest. The Court finds that no bond is necessary in this case. *See City of Atlanta v. Metropolitan Atlanta Rapid Transit Auth.*, 636 F.2d 1084 (5th Cir. 1981).

IT IS HEREBY ORDERED that Defendant is enjoined from awarding Bid No. 0050-99-DE for a period not to exceed ten days, unless further order issue from this Court.

DATED this 17th day of February, 1999.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:	Wayne E. Bingham
	Crider, Bingham & Hurst, P.C.
	Albuquerque, New Mexico

Counsel for Defendant:	Sean Olivas
	Keleher & McLeod, P.A.
	Albuquerque, New Mexico